UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-1481

CYNTHIA ANN THOMAS,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Florence. Thomas E. Rogers, III, Magistrate Judge. (4:19-cv-02877-TER)

Submitted: March 29, 2022                    Decided: March 31, 2022

Before HARRIS, QUATTLEBAUM, and HEYTENS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** William D. Mayes, SMITH, MASSEY, BRODIE, GUYNN & MAYES, Aiken, South Carolina, for Appellant. Brian C. O'Donnell, Regional Chief Counsel, Taryn Jasner, Supervisory Attorney, Jordana Cooper, Special Assistant United States Attorney, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; M. Rhett DeHart, Acting United States Attorney, Marshall Prince, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cynthia Ann Thomas appeals the magistrate judge's order upholding the administrative law judge's (ALJ) denial of Thomas' application for disability insurance benefits. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and discern no reversible error. The ALJ applied the correct legal standards in evaluating Thomas' claim for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the magistrate judge's decision upholding the denial of benefits. *Thomas v. Comm'r of Soc. Sec. Admin.*, No. 4:19-cv-02877-TER (D.S.C. Feb. 25, 2021). We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED